IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM LEE ANDERSON, II,

    Plaintiff,

v.                                                                                               Civil Action No. **3:16CV945**

ARMOR CORRECTIONAL HEALTH SERVICES, *et al.*,

    Defendants.

## MEMORANDUM OPINION

William Lee Anderson, II, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court on Defendant Phillips's Motion to Dismiss, the Court's own review under 28 U.S.C. § 1915(e)(2), and several other motions filed by Anderson. For the reasons stated below, the Motion to Dismiss (ECF No. 19) will be GRANTED.

## I. STANDARD FOR MOTION TO DISMISS

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

42 U.S.C. § 1983.

where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *aff'd*, 36 F.3d 1091 (4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570,

2

rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF PERTINENT ALLEGATIONS

In November of 2014, Anderson was confined in the Augusta Correctional Center ("A.C.C."). (Compl. 4–5, ECF No. 1.)[2] Anderson was lifting weights, when an accident occurred and his elbow was crushed. (*Id.* at 4.) Thereafter, Anderson received some medical care and was transferred to Greensville Correctional Center ("G.C.C."). (*Id.* 4–5.) Anderson contends that, "[i]f surgery had been done in an appropriate time line, it would have reduced the amount of damage done to both the nerves and the cartilage." (*Id.* at 4.)

Defendant Phillips is a human resource assistant at G.C.C. (ECF No. 1-1, at 3.) Anderson contends that he exhausted "his administrative remedies through all grievance

---

[2] The Court corrects the capitalization, punctuation, and spelling in the quotations from Phillips's submissions. The Court omits the emphasis from the quotations. The Court employs the pagination assigned to Anderson's submissions by CM/ECF docketing system.

3

processes until . . . intentional [and] complete denial of grievance process once [he] arrived at G.C.C. by Ms. Phillips . . . ." (*Id.*) Specifically, Defendant Phillips "refused to release first filed grievances filed at A.C.C. prior to transfer to G.C.C. on Jan. 13, 2016, where plaintiff sent for those grievances filed at A.C.C. . . ." (*Id.*) Anderson alleges that Defendant Phillips is "harboring the grievance documents regarding his health and well-being, prolonging redress in order to get surgery now going on 24 months. . . ." (*Id.*) Phillips contends that such actions violate his rights under the First, Fourth, and Fourteenth Amendments. (*Id.*)

Although hardly clear, review of the documents attached to the Complaint suggests that Anderson's claims are predicated on Defendant Phillips's failure to provide him with free copies of some medical records and a grievance pertaining to Anderson's elbow injury. For example, on September 3, 2016, Anderson wrote an informal complaint wherein he complained:

> Ms. Phillips in Grievance Office came to me 3 weeks ago in regards to my records of my fractured right elbow from A.C.C. where I have yet to receive them, "delay and hindering," obstructing justice, denied access to the court, interfering with court proceeding, where I [have been] without surgery for over 20 months and Ms. Phillips is the one person to have acknowledged that these records were here. This is an 8th Amendment violation . . . .

(ECF No. 1–6, at 3.) In response, Ms. Phillips informed Anderson that she would provide Anderson with the pertinent copies if he paid for them and provided her with a receipt reflecting the same. (*Id.*)

Anderson did not like that response and on September 19, 2016, wrote an Offender Request demanding copies of the records. (*Id.* at 4.) In response, another prison official, S. Tapp, informed Anderson, "You were told on 9/13/16 that you had not provided any receipt for the copies. That even though you may be indigent, you must still go through the Business Office. Your lawyer, if you have one, can obtain them through writing to the Mrs. L Talbott. Is this now clear?" (*Id.*)

4

Thereafter, on October 18, 2016, Anderson wrote an Offender Request wherein he stated:

> Before you try to quote the rules, laws and rights of the courts, you need to learn them (look up). Pro se litigant it means [I'm] my own attorney in my civil case against you and Talbott along with Ms. Phillips for harboring court documents ... my grievances regarding my Eighth Amendment rights to health care where to you all will be charged with obstruction of justice, interfering with court proceeding, gross negligence by prolonging my surgery for broken elbow. See ya in court.

(ECF No. 1–6, at 7 (alteration in original).)

## III. ANALYSIS

Anderson's *pro se* status entitles him to some leniency. Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "Even in the case of *pro se* litigants, they cannot be expected to construct full blown claims from sentence fragments . . . ." *Id.* Here, Anderson contends that Defendant Phillips violated his rights under the First, Fourth, Eighth, and Fourteenth Amendments. Neither Anderson nor the Complaint suggest how Phillips's conduct implicated, much less violated, the Fourth Amendment. Accordingly, Anderson's Fourth Amendment claim against Defendant Phillips will be DISMISSED WITH PREJUDICE.

### A. Alleged Violation of the Eighth Amendment

To state an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Iko v. Shreve*, 535 F.3d 225, 238 (4th

Cir. 2008) (citing *Wilson*, 501 U.S. at 298–300). "What must be [alleged] with regard to each component 'varies according to the nature of the alleged constitutional violation.'" *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996) (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)).

When an inmate challenges his conditions of confinement, he must allege "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) (internal citation omitted) (citing *Wilson*, 501 U.S. at 301–03). Deliberate indifference requires the plaintiff to allege facts suggesting that a particular defendant actually knew of and disregarded a substantial risk of serious harm to the plaintiff's person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized

6

that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

Here, Anderson suggests that Defendant Phillips subjected him to a substantial risk of harm by failing to provide him with free copies of old grievances and medical records. Anderson fails to articulate facts that plausibly suggest that Defendant Phillips perceived such a failure exposed Anderson to a substantial risk of serious harm. *See id.* Although Anderson vaguely suggested to Defendant Phillips that provision of copies of his medical records and or grievances could somehow expedite Anderson's medical care, he failed to coherently articulate to Defendant Phillips how this was so. "If a prisoner is under the care of medical experts . . . , a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands." *Iko*, 535 F.3d at 242 (omission in original) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). As Anderson has failed to allege facts that plausibly suggest that Defendant Phillips acted with deliberate indifference, Anderson's Eighth Amendment claim against Defendant Phillips will be DISMISSED WITHOUT PREJUDICE.

### B. Alleged Violations of the First and Fourteenth Amendment

Anderson vaguely suggests that Defendant Phillips violated his rights under the First and Fourteenth Amendments by failing to provide him with free copies of grievances and medical records from A.C.C. and somehow that affected Anderson's ability to utilize the prison grievance procedure. Nevertheless, "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).[3] Although not entirely

---

[3] Anderson does not allege that Defendant Phillips somehow retaliated against him for filing a grievance. *See Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017) ("That a prison is not required under the Constitution to provide access to a grievance process does not mean that

7

Although not entirely clear, the tone of some of Anderson's submissions suggests that he believes that the failure to provide him with free copies of medical records or grievances automatically translates into a claim for denial of reasonable access to the courts. As explained below, this is simply not so.

Inmates have a constitutional right to reasonable access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351–53 (1996); *Bounds v. Smith*, 430 U.S. 817, 838 (1977). Of course, the right of access to the court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Thus, in order to plead a backward looking denial of access to the courts claim, a plaintiff must identify, with specificity, a non-frivolous legal claim that the defendant's actions prevented him from litigating. *Id.* at 415–16; *Lewis*, 518 U.S. at 353 n.3. Accordingly, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued." *Christopher*, 536 U.S. at 417 (internal footnote omitted). "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* at 416.

Anderson completely fails to identify what claim, if any, he was prevented from prosecuting by Defendant Phillips's actions. Anderson

> must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions. . . . The fact that an inmate may not be able to litigate in exactly the manner he desires is not sufficient to demonstrate the actual injury element of an access to courts claim.

---

prison officials who retaliate against inmates for filing grievances do not violate the Constitution.").

*Godfrey v. Washington County, Va., Sheriff,* No. 7:06–cv–00187, 2007 WL 2405728, at *13 (W.D. Va. Aug. 17, 2007) (citing *Lewis,* 518 U.S. at 351). Accordingly, Anderson's First and Fourteenth Amendment claims WILL BE DISMISSED WITHOUT PREJUDICE.

## IV. CONCLUSION

Defendant Phillips's Motion to Dismiss (ECF No. 19) will be GRANTED. Anderson's Fourth Amendment claim against Phillips WILL BE DISMISSED WITH PREJUDICE. Anderson's First, Eighth, and Fourteenth Amendment claims against Defendant Phillips WILL BE DISMISSED WITHOUT PREJUDICE.

On June 5, 2017, the Court received from Anderson a Motion for Injunction. (ECF No. 15.) On July 24, 2017, the Court received from Anderson a Motion for a Preliminary Injunction (ECF No. 22) and Motion to Incorporate Newly Obtained Exhibits into Official Record (ECF No 25). In the Eastern District of Virginia, "[a]ll motions... shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies." E.D. Va. Loc. Civ. R. 7(F)(1). The above motions do not comply with the above requirement. Accordingly, Anderson's Motions (ECF Nos. 15, 22, 25) will be DENIED WITHOUT PREJUDICE.[4]

An appropriate Order will accompany this Memorandum Opinion.

Date: 2/1/18
Richmond, Virginia

/s/ John A. Gibney, Jr.
United States District Judge

---

[4] The exhibits attached to Anderson's Motion to Incorporate Newly Obtained Exhibits into Official Record have been electronically filed. The Court is neither obliged nor inclined to sift through the exhibits in the first instance to discern any purported relevance to any matter before the Court. Should Anderson wish to rely on these exhibits in the future, he must direct the Court to the specific exhibit and explain why it is relevant to any matter before the Court.